UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARREL DEON HARVEY,

    Petitioner,

v.                                    Case No. 4:23cv339-MW-HTC

RICKY DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Darrel Deon Harvey, *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his conviction in Leon County Case 2017 CF 526. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636, N.D. Fla. Loc. R. 72.2(B) and Rules Governing § 2254 Cases, Rule 4.[1] Upon review, the undersigned determined Petitioner had not yet exhausted his claims in state court and still had time to do so. Before recommending dismissal, however, the undersigned gave Petitioner an opportunity to show cause and also

---

[1] Rule 4 of the Rules Governing § 2254 Cases requires district courts to dismiss § 2254 petitions without ordering the State to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020). "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is 'not entitled to relief.'" *Id.* at 653–54 (citing Rules Governing § 2254 Cases, R. 4). Lack of exhaustion is a procedural bar that could justify dismissal under Rule 4. *See, e.g., Adams v. Warren*, No. 1:21-CV-0337-TWT-WEJ, 2021 WL 918815, at *1 (N.D. Ga. Feb. 16, 2021), *report and recommendation adopted*, No. 1:21-CV-337-TWT, 2021 WL 913908 (N.D. Ga. Mar. 10, 2021) (dismissing petition under Habeas Rule 4 for lack of exhaustion).

Case 4:23-cv-00339-MW-HTC   Document 6   Filed 08/21/23   Page 2 of 9

Page 2 of 9

gave the Respondent the opportunity to waive exhaustion. ECF Doc. 4. The undersigned has reviewed Petitioner's response, ECF Doc. 5, and, nonetheless, finds this matter should be dismissed without prejudice for failure to fully exhaust state remedies.

I.   BACKGROUND

Petitioner filed a nine-ground petition challenging his conviction in Leon County circuit court for traveling to meet a minor for sex, soliciting a minor for sex using a computer service or electronic device, and tampering with physical evidence on his cell phone as he was being arrested.[2] ECF Doc. 1. He was found guilty by a jury on May 23, 2018, and sentenced on June 14, 2018, to 36 months' imprisonment followed by 5 years' sex offender probation.

Petitioner filed a direct appeal and the First District Court of Appeals ("First DCA") affirmed without a written opinion on October 13, 2020. *Harvey v. State*, 304 So. 3d 289 (Fla. 1st DCA 2020); Case No.: 1D18-2729. Petitioner did not seek review in the United States Supreme Court, so his conviction became final 90 days later when the time to do so expired, on Monday, January 11, 2021.[3] *See Bond v.*

---

[2] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records, which are available at https://cvweb.leonclerk.com.

[3] During the pendency of the direct appeal, Petitioner filed a habeas corpus petition with the First DCA, in 1D19-0707, on February 26, 2019, which was pending until dismissed by the Florida Supreme Court on November 27, 2019. He also filed a petition for habeas corpus with the Florida Supreme Court on July 1, 2020, in SC20-0940, which was transferred to the First DCA to be

*Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002) (holding a state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari, issues a decision on the merits, or when the 90-day period to file a petition for certiorari expires).

By that date, however, Petitioner had already filed a motion to modify sentence under Florida Rule of Criminal Procedure 3.800 ("Rule 3.800") and motion to vacate under Florida Rule of Criminal Procedure 3.850 ("Rule 3.850"). The Rule 3.850 motion was continuously pending until the First DCA issued its mandate affirming the denial on April 5, 2021. *See* Case No.: 1D20-3563.[4] In the meantime, on March 12, 2021, Petitioner filed a petition for writ of habeas corpus with the First DCA in 1D21-0603, which was pending until it was dismissed on June 18, 2021.

On October 1, 2021, Petitioner filed a second Rule 3.850 motion. Dkt. #390 in Leon County Case No. 2017 CF 526. That motion was continuously pending until March 21, 2022. *See* Case No.: 1D21-3109. Also, on October 20, 2021, Petitioner filed a third Rule 3.850 motion, also through counsel, which was continuously pending until March 10, 2022. *See* Case No.: 1D21-3297.

---

included in the appeal proceedings on August 19, 2020. Since both of these were pending only within the time his direct appeal was also pending, they have no effect on the instant analysis.

[4] Petitioner was released on December 7, 2020. *See* Florida Department of Corrections, Offender Network, available at https://fdc.myflorida.com/offenderSearch/. However, because he is still on sex offender probation until 2025, the in-custody requirement for habeas relief is satisfied. *See Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) ("the custody requirement may be met where a § 2254 petitioner is on probation, parole, or bail"); *Hamner v. Deputy of Sec'y of Fla. Dep't of Corr.*, 438 F. App'x 875, 877 (11th Cir. 2011) (holding petitioner who remained subject to sex offender probation satisfied the in-custody requirement).

Case No. 4:23cv339-MW-HTC

On March 9, 2022, Petitioner filed a petition for writ of habeas corpus to the Florida Supreme Court, which was denied on May 9, 2022. On that date, he also filed a flurry of postconviction motions, which were continuously pending until February 13, 2023.[5]

Additionally, Petitioner filed another Rule 3.800(a) motion to correct illegal sentence, which was denied. Petitioner filed an appeal on February 27, 2023. Case No.: 1D23-0476. That appeal is still pending and includes one of the same grounds for relief as asserted in the instant federal petition. Thus, this federal action should be dismissed without prejudice to allow Petitioner to exhaust *all* his claims.

## II.   ANALYSIS

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that petitioners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one *complete* round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis added). In particular, a petitioner has to file an appeal of the denial of his collateral attack upon his conviction and await the state court's adjudication of the appeal. *See, e.g.*, *Johnson v. Sec'y, Fla. Dep't of Corr.*, 2023 WL 3791337, at

---

[5] Petitioner has been precluded from submitting any more *pro se* filings in state court. ECF Doc. 5 at 9; Dkt. # 458 from Leon County Case No. 2017 CF 526 (Feb. 21, 2023).

Case No. 4:23cv339-MW-HTC

*4 (M.D. Fla. June 2, 2023) (citing *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979)[6] (per curiam) ("save in exceptional cases, Florida state remedies are exhausted after appeal to the District Court of Appeal from denial of a collateral attack upon a conviction").

One of the issues currently before the First DCA in Case No.: 1D23-0476 is the following: "The information did not charge an offense in Count One with sufficient specificity to support the conviction." ECF Doc. 1 at 22. Petitioner admits that this is the same issue as raised in Ground One of the federal petition. *Id.* at 5 (arguing Count 1 of the Amended Information "lacks clarity and specificity, making it vague and open to subjective interpretation."). Thus, Petitioner raises an issue in the federal petition that is not yet exhausted in state court.

"[E]xcept in limited circumstances, district courts must dismiss § 2254 petitions without prejudice until the petitioner has fully exhausted his state postconviction remedies with respect to each of his asserted claims for relief." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1214 (11th Cir. 2014) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)). However, if "a dismissal would result in any subsequent petition being time-barred under the statutory one-year limitations period," a district court "may employ a 'stay-and-abeyance' procedure ... while the

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Case No. 4:23cv339-MW-HTC

petitioner returns to state court to exhaust all of his previously unexhausted claims." *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 819 (11th Cir. 2012).

In Petitioner's case, there is no risk of the one-year limitations period running while he exhausts the current appeal. Based on the Court's calculations, only 104 days have passed off the one-year AEDPA time limit, and the limit is tolled during the pendency of the appeal now pending.[7] Therefore, dismissing the entire petition would not unreasonably impair the Petitioner's right to obtain federal relief. *See Wharton v. Sec'y Fla. Dep't of Corr.*, No. 1:21-CV-181-AW-GRJ, 2022 WL 2992892, at *1–2 (N.D. Fla. June 17, 2022), *report and recommendation adopted sub nom. Wharton v. Sec'y, Dep't of Corr.*, No. 1:21-CV-181-AW-HTC, 2022 WL 2982479 (N.D. Fla. July 28, 2022) (finding petition which raised a claim also raised in a state postconviction motion should be fully dismissed as unexhausted because the state appeal of the denial of the postconviction motion was still pending and Wharton had "engaged in nearly continuous litigation of his conviction and sentence" such that very little time had passed off the AEDPA clock) (citing *Lundy*, *supra*, and *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 819 (11th Cir. 2012)).

---

[7] The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period runs from the latest of several dates, of which the one applicable here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Additionally, the limitations period, is tolled for the time during which a "properly filed" postconviction motion is pending in state court. *Id.* § 2244(d)(2). Based on the record, it appears the only period of time during which there was no pending post-conviction motion was June 19, 2021 to October 1, 2021. Petitioner, however, should do his own calculation of the AEDPA deadline.

Case No. 4:23cv339-MW-HTC

Petitioner's response does not alter this analysis. ECF Doc. 5. Petitioner does not dispute that time remains for Petitioner to exhaust his claims and file a subsequent petition. Petitioner does not dispute that a ground raised in the 3.800 motion is also raised here. Petitioner does not dispute he "seeks to challenge both his conviction and sentence" in the Rule 3.800(a) motion currently on appeal.

Instead, Petitioner argues exhaustion should not be required since "circumstances exist which render [state postconviction remedies] ineffective to protect the prisoner's rights," namely that the state courts refused to treat his 3.800(a) motion "as a writ of habeas corpus." ECF Doc. 5. Petitioner's reliance on *State v. Gray*, 435 So. 2d 816 (Fla. 1983) is misplaced. *Gray* simply says that a challenge to an indictment that "completely fails to charge a crime" because it "wholly omits to allege one or more essential elements" can be raised at any time. *State v. Gray*, 435 So. 2d 816 (Fla. 1983). It says nothing about converting a 3.800(a) into a habeas petition. Regardless, even if the state courts refuse to treat the motion as a habeas petition and deny the Petitioner's challenge to the conviction, the claim made must still be exhausted.

In sum, because Petitioner's 3.800 motion remains pending in the appellate courts, Petitioner has not shown cause why this case should not be dismissed without prejudice for failure to exhaust. *See Johnson v. Moody*, No. 3:21CV946-MCR/MAF, 2022 WL 2820748, at *4 (N.D. Fla. Mar. 30, 2022), *report and recommendation adopted*, No. 3:21CV946-MCR/MAF, 2022 WL 2818269 (N.D.

Case No. 4:23cv339-MW-HTC

Fla. July 19, 2022) ("Because Petitioner still has a pending action in state court, he has not yet exhausted his available state court remedies and his § 2254 petition should be dismissed without prejudice.") (citing 28 U.S.C. § 2254(b)(1)(A) and *Rose v. Lundy*, 455 U.S. 509, 518 (1982)); *Holland v. Sec'y, Fla. Dep't of Corr.*, No. 5:18-CV-59-MCR-GRJ, 2018 WL 7082147, at *3 (N.D. Fla. July 17, 2018), *report and recommendation adopted*, No. 5:18CV59-MCR-GRJ, 2019 WL 280083 (N.D. Fla. Jan. 22, 2019) ("because the [Rule 3.850] motion was still pending in the state circuit court at the time Petitioner filed his federal habeas petition, the state appellate court also has not had a chance to review his claims. Consequently, the claims Petitioner raised in this federal habeas petition are unexhausted.").

Accordingly, it is respectfully RECOMMENDED that:

1. The Petition under 28 U.S.C. § 2254, ECF Doc 1, be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies, without an evidentiary hearing.

2. A certificate of appealability be denied.

3. The clerk be directed to close the file.

DONE in Pensacola, Florida, this 21st day of August, 2023.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.